BLD-131                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1171
_____

UNITED STATES OF AMERICA

v.

MARTIN ALLEN MENTZER,
                                                Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. Action No. 1:15-cr-00167-001)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2022

Before: MCKEE, GREENAWAY, JR., and PORTER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 17, 2022)
_____

OPINION[*]
_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Martin Allen Mentzer appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania denying his motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm the District Court's order.

In 2016, Mentzer pleaded guilty to sexual exploitation of children. See 18 U.S.C. § 2251(a). He was sentenced to 240 months of imprisonment, to be followed by a 15-year term of supervised release. We affirmed. United States v. Mentzer, 760 F. App'x 90 (3d Cir. 2019) (not precedential).

In July 2020, Mentzer filed a pro se motion for compassionate release pursuant to § 3582(c)(1)(A) (ECF 86), which was later supplemented by appointed counsel. (ECF 88 & 89.) Mentzer argued that release was warranted on the ground that his HIV diagnosis exacerbated his risk of serious injury or death if he were to contract the COVID-19 virus. Mentzer also alleged that his mother, who was 80 years old, needed him as a caregiver.

The District Court denied relief. (ECF 96.) It assumed that "Mentzer can show extraordinary and compelling circumstances given his institution's present outbreak of COVID-19, his medical conditions, and his elderly mother who is in poor health and needs home care." (Id. at 4.) But the District Court concluded that the factors under 18 U.S.C. § 3553 "nevertheless strongly disfavor a sentence reduction." (Id.) In particular, the District Court stated that:

2

> Mentzer's offense conduct was particularly heinous (PSR, ¶¶ 4-11) and he has served no more than a quarter of his total sentence. The court believes Mr. Mentzer remains a danger to the community and that continued incarceration is necessary to protect the public from further crimes, provide just punishment for seriousness of the offense, and adequately deter criminal conduct.

(Id. at 4.) Mentzer appealed (ECF 98), and we granted the Government's motion for summary affirmance. United States v. Mentzer, C.A. No. 20-3279 (order entered Jan. 28, 2021.)

Mentzer filed a second pro se compassionate release motion in December 2021, citing health concerns, including his HIV status and "an open sore which periodically bleeds," the risk of serious illness if he were to contract COVID-19, and the need to care for his mother. (ECF 106.) The District Court denied that motion "for substantially the same reasons outlined in the court's order denying Mr. Mentzer's first motion for compassionate release …." (ECF 108.) Mentzer appealed. (ECF 109). The Government has filed a motion for summary affirmance. (Doc. 8.) Mentzer has filed motions for appointment of counsel. (Docs. 11 & 12.)

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (quotation marks and citation omitted). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

3

A district court may reduce a defendant's term of imprisonment "after considering the factors set forth in § 3553(a) … if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors.  See Pawlowski, 967 F.3d at 330.  Those factors include, inter alia, the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, protect the public from future crimes by the defendant; and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a).

We agree with the Government that this appeal presents no substantial question. The District Court did not abuse its discretion in denying the motion for compassionate release.  Specifically, it did not commit a clear error of judgment in concluding that the applicable § 3553(a) factors weigh against a grant of compassionate release.[1]  See United

---

[1] In evaluating Mentzer's request for release, the District Court noted that he remains a danger to the community, which tracks a provision in the Sentencing Commission's policy statement allowing relief only if the "defendant is not a danger to the safety of any other person or to the community.  U.S.S.G. § 1B1.13 cmt. n. 1(B)(2).  But see 18 U.S.C. § 3553(a)(2)(C) (listing the need to protect the public from further crimes of the defendant).  Although the District Court was not required to consider the policy

States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021). The District Court properly emphasized the "heinous" nature of Mentzer's offenses (which included his production and sharing of a video showing his sexual abuse of a 13 year old), the fact that he had served no more than a quarter of his total sentence, see Pawlowski, 967 F.3d at 331 (indicating that the time remaining on the prisoner's sentence is a relevant consideration in determining whether the § 3553(a) factors support a grant of compassionate release), and the need to protect the public from further crimes and to deter future criminal conduct.[2]

Based on the foregoing, we grant the Government's motion and will summarily affirm the District Court's judgment.[3] See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

statement, see Andrews, 12 F.4th at 259 & n.4 (holding that the "policy statement is not applicable – and not binding – for courts considering prisoner-initiated [§ 3582] motions"), it was not error to consider the statement as a "guide." Id. at 260.

[2] Although Mentzer did not respond to the motion for summary action, we note that, in his already-filed brief, he claims that the District Judge denied relief because she is biased against him. That claim is not supported by the record. Cf. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal ….").

[3] Mentzer's motions for appointment of counsel are denied.

5